IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOHN S. BRIAND,

    Plaintiff,

vs.                                          Case No. 4:06CV384-SPM/WCS

JAMES BANKS,
ROBERT A. MORRIS,
BANKS & MORRIS, P.A.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, has filed a civil rights action. By separate order entered this day, Plaintiff's motion to proceed *in forma pauperis*, doc. 2, has been granted.

    Plaintiff's allegations are against two attorneys. Plaintiff contends these attorneys violated his rights to effective assistance of counsel, to be free from cruel and unusual punishment, to be "free from excessive or unusual [sic] high bail," and the right to due process. Doc. 1. Plaintiff's allegations essentially assert that Defendants Banks and Morris have not followed Plaintiff's instructions about how to proceed in his pending

criminal case, that Defendant Morris has insisted that Plaintiff plead guilty to the charges against him, and because Plaintiff has refused to do so, he has had Plaintiff deemed incompetent to proceed to trial and "stuck in Chattahoochie [sic] State hospital for who knows how long." *Id.*, at 9. Plaintiff alleges that he has attempted to proceed *pro se* in his criminal trial and act as his own attorney, but contends that his written motions are not filed because he is represented by an attorney. *Id.* Plaintiff further contends he has lost property. Plaintiff seeks monetary damages, an investigation into Defendants actions, and other equitable and just relief.

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).

Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and, thus, gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). In this case, well established law precludes Plaintiff's claims against his criminal defense attorneys. The actions of defense counsel in representing Plaintiff are the acts of a private party and the allegations support only a state law claim. Even though these Defendants are alleged to be court-appointed

counsel, the law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," the lawyer is not a "state actor" for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)(holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role); *noting* Branti v. Finkel, 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed. 2d 574 (1980) (holding that a public defender is a state actor when making hiring and firing decisions).  Because Plaintiff has not demonstrated that any act was taken by a "state actor" for purposes of § 1983, this case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 25, 2006.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:06CV384-SPM/WCS